UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO RIOS *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>- against -<br><br>SOHO MASONS CORP. and JOHN NEVLA, and VICTOR ROTTENBERG<br><br>*Defendants.* | Case No.: 22-cv-01913(ENV)(MMH)<br><br>**OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68** |

Pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), and without admitting any liability to Plaintiff or any other person, Defendants, SoHo Masons Corp., John Nevla, and Victor Rottenberg (collectively, "Defendants"), hereby offer to allow entry of judgment against them in this action as follows:

1.    Judgment shall be entered in favor of Plaintiff Gustavo Rios ("Plaintiff") in the amount of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500). This total is inclusive of all damages to which Plaintiff may, as of this date, be entitled by law in relation to this case, including but not limited to compensatory damages, liquidated damages, statutory damages, punitive damages, reasonable attorneys' fees, litigation expenses, interest, and costs of suit.

2.    If this offer of judgment is not accepted by Plaintiff within fourteen (14) days after service of the offer, it will be deemed withdrawn pursuant to Rule 68.

3.    Plaintiff's acceptance of this offer is in full satisfaction and settlement of all claims that are, could have been, or could be asserted by Plaintiff against Defendants in this action, including without limitation, any and all claims for compensatory damages, liquidated

damages, statutory damages, punitive damages, reasonable attorneys' fees, litigation expenses, interest, and costs of suit.

4. Evidence of this offer of judgment may not be given at trial, except in a proceeding to determine attorneys' fees and costs, as relevant. If it is accepted, but not later approved by the Court, this offer will impose no obligation on any party, and evidence of the offer may not be given at trial or used for any purpose in this action.

5. Pursuant to Rule 68(d), if Plaintiff does not accept this offer of judgment and the final judgment in this action is not more favorable to Plaintiff than the terms of this offer of judgment, Plaintiff must pay the costs incurred by Defendants in this action after the date that this offer was made.

6. This offer of judgment is made for the purposes specified in Rule 68, and neither this offer, nor any resulting judgment, is, or may be deemed or offered or received in evidence as a presumption, concession or admission by Defendants of any fault, liability, or wrongdoing in this action, or that Plaintiff or any other person has suffered any damages or is otherwise entitled to any relief.

Dated: New York, New York
August 22, 2022

Respectfully submitted,

**AKERMAN LLP**

By: /s/ Jeffrey A. Kimmel
    Jeffrey A. Kimmel Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
jeffrey.kimmel@akerman.com
*Attorney for Defendants Soho Masons Corp. and Victor Rottenberg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GUSTAVO RIOS, | ) | Civil Case No.: **22-cv-01913 (ENV) (MMH)** |
| *Plaintiff,* | ) | |
| v. | ) | |
| SOHO MASONS CORP. and JOHN NEVLA, and VICTOR ROTTENBERG jointly and severally, | ) | **ACCEPTANCE OF RULE 68 OFFER** |
| *Defendants.* | ) | |

To: **Jeffrey A. Kimmel Esq.**
   AKERMAN LLP
1251 Avenue of the Americas, 37th
Floor New York, New York 10020
      P: 212 880 3888
 E: jeffrey.kimmel@akerman.com

## PLAINTIFF'S MOTION TO ENTER JUDGMENT PURSUANT TO DEFENDANT'S RULE 68 OFFER OF JUDGMENT

NOW COMES Plaintiff GUSTAVO RIOS by his attorneys Stillman Legal PC., and for his Motion to Enter Judgment Pursuant to Defendant's Rule 68 Offer of Judgment states as follows:

1. On April 5th, 2022 Plaintiff filed his complaint styled as *Rios v. Soho Masons Corp.* 22-cv-01913 (ENV) (MMH)

2. On August 22, 2022, Defendant served its Rule 68 Offer of Judgment on Plaintiff via email and ECF. Defendant's Offer of Judgement stated that judgment shall be entered in the amount of $17,500 for Plaintiff's damages. Defendant's Offer of Judgment further stated that judgment shall be entered against Defendant for reasonable fees and costs incurred in prosecuting Plaintiff's Complaint.

3. On August 22, 2022, Plaintiff's counsel served, via e-mail, a copy of Plaintiff's e-filed Notice of Acceptance of Defendant's Rule 68 Offer of Judgment and certificate of service

4. On August 24, 2022 Plaintiff timely filed his acceptance of Defendant's Rule 68 Offer of Judgment with respect to all Counts of the operative complaint or with this Court via its CM/ECF electronic filing system under that same case number.

5. Fed. R. Civ. P. Rule 68(a) states:

> **(a) Making an Offer; Judgment on an Accepted Offer.**
>
> **At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.**

6. Therefore, upon filing the acceptance of the offer and notice of acceptance plus proof of service, judgment is to be entered.

7. Plaintiff has filed his acceptance of the offer, notice of the acceptance and proof of service.

8. Based on the foregoing, pursuant to Defendant's accepted Rule 68 Offer of Judgment, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff in the amount of $17,500 for Plaintiff's damages including attorneys' fees and costs.

WHEREFORE, based on the foregoing, Plaintiff, Rios through his counsel, respectfully requests that this court enter judgment in favor of Plaintiff in the amount of $17,500 for Plaintiff's damages plus reasonable attorney's fees and costs pursuant to Defendant's accepted Rule 68 Offer of Judgment

By: s/ Lina Stillman

Jeffrey A. Kimmel Esq.
AKERMAN LLP
1251 Avenue of the Americas,
37th Floor New York, New York 10020
P: 212 880 3888
E: jeffrey.kimmel@akerman.com

## CERTIFICATE OF SERVICE

I, Lina Stillman, an attorney, certify that I shall cause to be served a copy of the foregoing document in this case that will be served via the method stated below, upon the following on August 24, 2022

| | |
|---|---|
| **X**    CM/ECF <br><br><br> _____    USPS Mail | **Jeffrey A. Kimmel Esq.** <br> AKERMAN LLP <br> 1251 Avenue of the Americas, 37th Floor New York, New York 10020 <br> P: 212 880 3888 <br> E: jeffrey.kimmel@akerman.com |

By: s/ Lina Stillman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GUSTAVO RIOS

                  Plaintiffs,

**JUDGMENT PURSUANT TO RULE 68**

                  -versus-

SOHO MASONS CORP. and JOHN NEVLA, and VICTOR ROTTENBERG

22-cv-01913 (ENV) (MMH)

                  Defendants.

---------------------------------------------------------------X

**WHEREAS,** on April 5th, 2022, plaintiff Rios filed this action alleging violations of the Fair Labor Standards Act.

**WHEREAS,** on August 22, 2022, pursuant to Fed. R. Civ. P. 68, the defendants served on the plaintiffs an Offer of Judgment in favor of plaintiff Rios and

**WHEREAS,** on August 24, 2022, Plaintiff Rios accepted defendants' offer

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants shall pay plaintiff Rios the total sum of Seventeen Thousand Five Hundred Dollars ($17,500), pursuant to the Rule 68 Offer of Judgment.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff Rios may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants or any official, employee, or agent, either past or present, of Defendants or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. The offer of judgment was made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission

of liability by any defendant, or an official, employee, or agent of the Defendants, or any agency thereof; nor is it an admission that plaintiff Rios has suffered any damages.

4. Acceptance of the offer of judgment has acted to release and discharge defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the Defendants, or any agency thereof, from any and all claims that were or could have been alleged by Plaintiff Rios in the above-referenced action. Acceptance of the offer of judgment has waived plaintiff Rios's rights to any claim for interest on the amount of the judgment.

SO ORDERED

_____